## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>) Cr. No. 14cr 10210<br>) |
| v. | )<br>) 21 U.S.C. §846-- |
| STEPHEN SILVA,<br>  Defendant. | ) Conspiracy to Distribute<br>) Heroin<br>)<br>) 21 U.S.C. §841(a)(1)--<br>) Distribution of Heroin<br>)<br>) 18 U.S.C. §2--<br>) Aiding and Abetting<br>)<br>) 18 U.S.C. §922(k)--<br>) Possession of a Firearm with<br>) an Obliterated Serial Number<br>)<br>) 21 U.S.C. §853; 18 U.S.C.<br>) §924(d); & 28 U.S.C. §2461(c)--<br>) Criminal Forfeiture<br>) Allegations |

### INDICTMENT

**COUNT ONE:**      **(21 U.S.C. §846--Conspiracy to Distribute Heroin)**

The Grand Jury charges that:

From a time unknown to the Grand Jury, but at least by in
or about June 2014 and continuing thereafter until in or about
July 2014, at Cambridge, Medford, and elsewhere in the District
of Massachusetts,

**STEPHEN SILVA,**

the defendant herein, did knowingly and intentionally combine,
conspire, confederate, and agree with persons known and unknown
to the Grand Jury, to possess with intent to distribute and to

distribute heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

The Grand Jury further alleges that the conspiracy described herein involved at least 100 grams of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(i) is applicable to this count.

The Grand Jury further alleges that, with respect to Count One, 100 or more grams of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, are attributable to and were reasonably foreseeable by STEPHEN SILVA. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(i) is applicable to STEPHEN SILVA.

All in violation of Title 21, United States Code, Section 846.

COUNT TWO:        (21 U.S.C. §841(a)(1)--Distribution of Heroin;
                  18 U.S.C. §2--Aiding and Abetting)

The Grand Jury further charges that:

On or about June 4, 2014, at Medford, in the District of

Massachusetts,

**STEPHEN SILVA,**

the defendant herein, did knowingly and intentionally possess

with intent to distribute and distribute heroin, a Schedule I

controlled substance.

All in violation of Title 21, United States Code, Section

841(a)(1), and Title 18, United States Code, Section 2.

3

<u>COUNT THREE</u>:   (21 U.S.C. §841(a)(1)--Distribution of Heroin;
                     18 U.S.C. §2--Aiding and Abetting)

The Grand Jury further charges that:

    On or about June 9, 2014, at Medford, in the District of
Massachusetts,

**STEPHEN SILVA,**

the defendant herein, did knowingly and intentionally possess
with intent to distribute and distribute heroin, a Schedule I
controlled substance.

    All in violation of Title 21, United States Code, Section
841(a)(1), and Title 18, United States Code, Section 2.

<u>COUNT FOUR</u>:      (21 U.S.C. §841(a)(1)--Distribution of Heroin;
                18 U.S.C. §2--Aiding and Abetting)

The Grand Jury further charges that:

On or about June 12, 2014, at Medford, in the District of Massachusetts,

**STEPHEN SILVA,**

the defendant herein, did knowingly and intentionally possess with intent to distribute and distribute heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

<u>COUNT FIVE</u>:     (21 U.S.C. §841(a)(1)--Distribution of Heroin;
                18 U.S.C. §2--Aiding and Abetting)

The Grand Jury further charges that:

On or about June 17, 2014, at Medford, in the District of Massachusetts,

**STEPHEN SILVA,**

the defendant herein, did knowingly and intentionally possess with intent to distribute and distribute heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

6

**COUNT SIX:**      **(21 U.S.C. §841(a)(1)--Distribution of Heroin;
18 U.S.C. §2--Aiding and Abetting)**

The Grand Jury further charges that:

On or about June 19, 2014, at Medford, in the District of
Massachusetts,

**STEPHEN SILVA,**

the defendant herein, did knowingly and intentionally possess

with intent to distribute and distribute heroin, a Schedule I

controlled substance.

All in violation of Title 21, United States Code, Section

841(a)(1), and Title 18, United States Code, Section 2.

**COUNT SEVEN:**     (21 U.S.C. §841(a)(1)--Distribution of Heroin;
                     18 U.S.C. §2--Aiding and Abetting)

The Grand Jury further charges that:

On or about June 23, 2014, at Medford, in the District of
Massachusetts,

**STEPHEN SILVA,**

the defendant herein, did knowingly and intentionally possess
with intent to distribute and distribute heroin, a Schedule I
controlled substance.

All in violation of Title 21, United States Code, Section
841(a)(1), and Title 18, United States Code, Section 2.

8

**COUNT EIGHT:**     (18 U.S.C. §922(k)--Possession of a Firearm
with an Obliterated Serial Number)

The Grand Jury further charges that:

In or about February 2013, at Cambridge, and elsewhere in
the District of Massachusetts,

**STEPHEN SILVA,**

the defendant herein, knowingly received and possessed a firearm,
to wit:  a Ruger model P95 9mm pistol, which had the importer's
and manufacturer's serial number removed, obliterated, and
altered and had previously been shipped and transported in
interstate and foreign commerce.

All in violation of Title 18, United States Code, Section
922(k).

## FIRST FORFEITURE ALLEGATION
### (21 U.S.C. §853)

The Grand Jury further charges that:

1.     Upon conviction of the offenses alleged in Counts 1 through 7 of this Indictment,

### STEPHEN SILVA,

defendant herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of any such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations.

2.     If any of the property described in paragraph 1, above, as a result of any act or omission of the defendant --

      (a)     cannot be located upon the exercise of due diligence;

      (b)     has been transferred or sold to, or deposited with, a third party;

      (c)     has been placed beyond the jurisdiction of the Court;

      (d)     has been substantially diminished in value; or

      (e)     has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any

10

other property of the defendant up to the value of the property described in paragraph 1.

All in violation of Title 21, United States Code, Section 853.

## SECOND FORFEITURE ALLEGATION
### (18 U.S.C. §924(d) and 28 U.S.C. §2461(c))

The Grand Jury further charges that:

1.    Upon conviction of the offense alleged in Count 8 of this Indictment,

### STEPHEN SILVA,

the defendant herein, shall forfeit to the United States all firearms and ammunition involved in the commission of the offense.

2.    If any of the property described in paragraph 1, above, as a result of any act or omission of the defendant--

    (a)   cannot be located upon the exercise of due diligence;

    (b)   has been transferred or sold to, or deposited with, a third party;

    (c)   has been placed beyond the jurisdiction of the Court;

    (d)   has been substantially diminished in value; or

    (e)   has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated in Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 1.

12

All in violation of Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

A TRUE BILL,

_____
FOREPERSON OF THE GRAND JURY

_____
PETER K. LEVITT
ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS                    July 15, 2014

        Returned into the District Court by the Grand Jurors and
filed.

_____
Deputy Clerk

3:30 PM

7/15/14

14